# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MELANIE A. OGLE,

        Petitioner,    :    Case No. 2:15-cv-776

  - vs -                    Chief Judge Edmund A. Sargus, Jr.
                            Magistrate Judge Michael R. Merz

GARY C. MOHR, DIRECTOR,
  Ohio Department of Rehabilitation
  And Correction

                            :
        Respondent.

## DECISION AND ORDER DENYING MOTION TO STAY

This habeas corpus action is before the Court on Petitioner's "Motion to Stay Remainder of Unlawful Sentencing Pending Resolution of Petition for Writ of Habeas Corpus" (Doc. No. 8).

Respondent has not yet filed the state court record in this case or an answer to the Petition, so the Court is limited to the assertions of fact pled by Petitioner. According to the Petition, Petitioner was convicted by a jury in the Hocking County Common Pleas Court of one count of assault on a peace officer and sentenced to six months confinement and three years of community control (Petition, Doc. No. 1, PageID[1] 1). The community control sanction was later modified to five years. *Id.* Ms. Ogle was sentenced on September 27, 2011. *Id.* at ¶ 2. The

---

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.) The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.

1

conviction, sentence, and later modification of sentence were affirmed on appeal. *State v. Ogle*, 2013-Ohio-3420, 2013 Ohio App. LEXIS 3510 (4th Dist. Jul 26, 2013).  On March 12, 2014, the Ohio Supreme Court denied a motion for delayed appeal.  Ms. Ogle petition for a writ of certiorari from the United States Supreme Court was denied November 17, 2014 (Petition, Doc. No. 1, PageID 3).

Ms. Ogle's principal claim at this point, at least with respect to the instant Motion, appears to be that her conviction and sentencing "are nullities, since the September 27, 2011 conviction and sentencing hearing were held in violation of Petitioner's 6th and 14th Amendment rights to [sic] the U.S. Constitution, divesting jurisdiction of the trial court to enforce its void September 28, 2011 judgment entry of conviction and sentence." (Motion, Doc. No. 8, PageID 75.)  Ms. Ogle asserts the judgment is void because she did not have counsel at the September 27, 2011, hearing. *Id.* at PageID 73.

Petitioner is no longer incarcerated, but remains sufficiently in custody to invoke this Court's habeas corpus jurisdiction because she is still serving a community control sanction. What she seeks is a suspension of at least some of the conditions of her sentence – restrictions on her right to travel, subjection to searches of her person and home, and the continued threat of additional imprisonment if found to violate the terms of her community control sentence. (Motion, Doc. No. 8, PageID 83).  This appears to be tantamount to ordering Petitioner released on an own recognizance, no conditions bond.[2]

Although Ms. Ogle has cited no authority to this effect, a district court has power to enlarge a state prisoner pending determination of his or her petition for writ of habeas corpus under 28 U.S.C. § 2254.  *Aronson v. May*, 85 S. Ct. 3, 13 L. Ed. 2d 6 (1964).  However, it is

---

[2] If, on the other hand, Petitioner is requesting that she be unconditionally released because she has already proven her case, that result would deny the State its procedural rights in habeas corpus.

2

appropriate to exercise that authority only upon a showing that a petitioner's claim is both substantial and clear on the merits.  *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Calley v. Callaway*, 496 F.2d 701 (5th Cir. 1974).

> In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of "some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6, 9 (1964) (Douglas, J., in chambers);  see *Martin v. Solem,* 801 F.2d at 329-330;  *Iuteri v. Nardoza*, 662 F.2d at 161.  There will be few occasions where a prisoner will meet this standard.

*Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Ms. Ogle has not shown that her claim is clear on the merits.  The Court does not yet have before it the certified state court record, but even that portion which Ms. Ogle filed makes her claim less than clear.  In the copy of Judge Crawford's Judgment Entry attached to the Motion, he makes the following finding:

> The Court notified Defendant Melanie Ogle [at the hearing on September 27, 2011] that she had a right to counsel for these proceedings, and a right to court appointed counsel at no cost to her if indigent.  Defendant Melanie Ogle expressed that she would not waive her right to counsel.  The Court advised the Defendant that she had the right to counsel appointed by the Court at no expense.  She refused the Court's offer of appointed counsel.  On September 21, 2011 the Defendant signed "Motion of Pro Se Appearance" waiving her right to counsel.  The Court finds that the Defendant knowingly and voluntarily waived her right to counsel.

(Motion, Doc. No. 8, PageID 91-92).  This finding of fact by the trial court must be accepted by this Court unless Ms. Ogle can show by clear and convincing evidence that it is erroneous.  This she has not yet done.

Moreover, Ms. Ogle argues that the State cannot show a procedural default in this case

3

"for the reason that no prejudice need be shown where counsel was absent at sentencing, a critical stage of a criminal proceeding." *Id.* at PageID 74, citing *Van v. Jones*, 475 F. 3d 292 (6th Cir. 2007). Because the State has not yet answered, the Court does not know what defenses it may raise. However, the Court notes that this claim that the judgment is void for lack of counsel at sentencing was not raised before the Fourth District Court of Appeals on direct appeal.

Accordingly, the Motion for Stay is DENIED.

May 4, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge