# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

MELANIE A. OGLE,

        Petitioner,    :    Case No. 2:15-cv-776

- vs -    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Michael R. Merz

GARY C. MOHR, DIRECTOR,
  Ohio Department of Rehabilitation
  And Correction,

        :
        Respondent.

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY

This habeas corpus action is before the Court on Petitioner's Motion for Limited Discovery (ECF[1] No. 23). Petitioner seeks specified discovery from unspecified "government entities of the State of Ohio and/or its agents" and authority "to issue subpoenas duces tecum to the appropriate government entities of the State of Ohio and/or its agents to produce the requested discovery."

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which

---

[1] This Court has been accustomed to cite to federal court records by document number ("Doc. No.") However, the new 20th edition of the Bluebook prescribes use of "ECF No." A Uniform System of Citation, Rule 10.8.3 (20th ed. 2015).

1

discovery is sought.  *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996).  The burden of demonstrating the materiality of the information requested is on the moving party.  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000).  "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner's Motion does not meet the standards of Habeas Rule 6.  First of all, she does not identify to which claims for relief in her Amended Petition the various discovery requests are relevant.  That is the first requirement under *Bracy, supra*.

Secondly, her requests are extremely broad.  For example, Request Number 3 seeks identification of all Hocking County-owned or personal computers or hard drives owned by the Hocking County Sheriff or any of his deputies which contains certain information.  Request Number 4 seeks different information but expands the scope to include the Hocking County Prosecuting Attorney as well as the persons named in Request Number 3. All fourteen requests, except for Request Number One, are similarly broad.

2

Third, Petitioner seeks confidential information without providing justifications for invading the legal protections for such information. For example, the grand jury transcripts sought in Request Number One are secret and grand jury secrecy can be pierce only on specific showing of need. Obtaining access to computers of the Hocking County Prosecutor would involve compromising work product protection. Obtaining access to the personal computers of individual public employees would likely invade their privacy even if there is discoverable and relevant information contained therein.

In addition to these difficulties, Petitioner asks the Court to authorize her to issue subpoenas. The Court lacks authority to delegate the subpoena power to a litigant. Although Fed. R. Civ. P. 45 authorizes attorneys to issue subpoenas, it does not permit the district courts to extend that authority to anyone else.

Accordingly, Petitioner's Motion for Limited Discovery is DENIED in its entirety without prejudice to its renewal in compliance with Habeas Rule 6 and the governing precedent.

August 1, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
