IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

MELANIE A. OGLE,

        Petitioner,  :  Case No. 2:15-cv-776

- vs -  Chief Judge Edmund A. Sargus, Jr.
  Magistrate Judge Michael R. Merz

GARY C. MOHR, DIRECTOR,
  Ohio Department of Rehabilitation
  And Correction

        :
        Respondent.

## SUPPLEMENTAL OPINION ON MOTIONS FOR EVIDENTIARY HEARING AND TO EXPAND THE RECORD

In this habeas corpus action, Petitioner, who is represented by counsel, filed Motions for an Evidentiary Hearing (ECF No. 49) and to Expand the Record (ECF No. 50). Respondent opposed both Motions (ECF Nos. 51, 52) and the Magistrate Judge filed a Decision and Order denying both Motions (ECF No. 53). Petitioner has objected to the Decision and Order (ECF No. 54) and Chief Judge Sargus has recommitted the matter for additional analysis of the Objections (Recommittal Order, ECF No. 56). This Supplemental Opinion will deal with the Objections *seriatim* as they are raised in Petitioner's filing.

As a general matter, Petitioner had written in the Motions that she was making a habeas claim that she had been "wrongfully convicted." (Motion, ECF No. 49, PageID 3439.) The Decision and Order noted that "wrongful conviction" is not a cognizable claim in habeas corpus (ECF No. 53, PageID 3490). Petitioner's counsel now "correct[s] the pleadings" to indicate that Petitioner is attempting to show actual innocence within the meaning of that term in *Schlup v.*

1

*Delo*, 513 U.S. 298 (1995). Such a showing of actual innocence would entitle Petitioner to avoid any procedural default she may have committed in presenting her claims to the Ohio courts. See *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019, 1035 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).  Petitioner's correction of the pleadings is apt and the Magistrate Judge will consider the Objections in that light.

**Motion for Evidentiary Hearing**

**Objection No. 1:  Regarding Ineffective Assistance of Counsel**

In the Decision and Order, the Magistrate Judge noted that the Traverse purported to plead eight grounds for relief, although no seventh ground was actually stated (Decision and Order, ECF No. 53, PageID 3489-90, quoting Traverse, ECF No. 40, PageID 3134-46).  The Traverse is not a *pro se* pleading entitled to liberal construction under *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), as it was filed after Ms. Ogle retained counsel in this case.  Nowhere in those quoted seven grounds for relief is there any mention of ineffective assistance of trial counsel.  However, in the Motion for Evidentiary Hearing, counsel characterized the claims on which she wanted to present evidence as "(1) wrongful conviction [now corrected to "actual innocence] and (2) ineffective assistance of appellate and trial counsel."  (Decision and Order, ECF No. 53, PageID 3490, quoting Motion, ECF No. 49, PageID 3439.)

In her Objections, Ms. Ogle claims she "had plead [sic] ineffective assistance of counsel in the Amended Petition for Habeas Corpus" (Objections, ECF No. 54, PageID 3500, citing

Amended Petitioner [sic], R.21, at PageID 2816).  Ground Five as written at the cited location reads "GROUND FIVE: Petitioner was denied effective assistance of appellate counsel rising to Constitutional infringement under the Sixth and Fourteenth Amendments."  Thus what is actually pled in the Amended Petition is a claim of ineffective assistance of appellate counsel, not trial counsel.  As it happens, the claim of ineffective assistance of appellate counsel is based at least in part on appellate counsel's having failed to raise on appeal claims of ineffective assistance of trial counsel.  To the extent such claims must be proved in order to prevail on the ineffective assistance of appellate counsel claim, it is correct that such ineffective assistance of trial counsel claims are referred to in the Amended Petition, but no such ineffective assistance of trial counsel claims are pled as free-standing claims.

**Objection 2:  Regarding Impeachment Evidence**

The Decision and Order is based primarily on a finding that the proffered evidence does not qualify as appropriate proof of actual innocence under *Schlup*, that is, it is not scientific or physical evidence not offered at trial, nor is it the previously-unheard testimony of a reliable eyewitness.

Ms. Ogle disagrees, directing the Court's attention to *House v. Bell*, 547 U.S. 518 (2006), citing the holding in that case that, in determining whether a habeas petitioner has established a *Schlup* actual innocence case, the habeas court must consider the new credible evidence not presented at trial along with all the other evidence:.  The relevant portion of the *House* opinion reads:

> For purposes of this case several features of the *Schlup* standard
> bear emphasis. First, although "[t]o be credible" a gateway claim

3

> requires "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," *id.*, at 324, 115 S. Ct. 851, 130 L. Ed. 2d 808, the habeas court's analysis is not limited to such evidence. . . .
>
> *Schlup* makes plain that the habeas court must consider "'all the evidence,'" old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under "rules of admissibility that would govern at trial." See *id.*, at 327-328, 115 S. Ct. 851, 130 L. Ed. 2d 808 (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)). Based on this total record, the court must make "a probabilistic determination about what reasonable, properly instructed jurors would do." 513 U.S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808. The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors. *Ibid.*
>
> Second, it bears repeating that the *Schlup* standard is demanding and permits review only in the "'extraordinary'" case. *Id.*, at 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (quoting *Zant, supra*, at 494, 111 S. Ct. 1454, 113 L. Ed. 2d 517); see also 513 U.S., at 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (emphasizing that "in the vast majority of cases, claims of actual innocence are rarely successful"). At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt--or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

547 U.S. at 537-38. *House* reiterated that, even to initiate a *Schlup* actual innocence inquiry, a petitioner must present "new, credible evidence" of a certain quality – scientific or physical evidence or reliable eyewitness testimony.

House had been convicted of murder and sentenced to death. The new evidence he presented to establish the gateway was (1) the semen stain on the victim's clothing came from her husband, not House; (2) the husband had confessed; (3) the husband had abused his wife in

4

the past; and (4) the victim's blood on House's clothing probably got there because a vial of the victim's blood was shipped to the laboratory with House's clothing and broke in transit. Ogle presents nothing like this, no scientific or physical evidence and no reliable eyewitness testimony that was not presented at trial.

Instead, Ms. Ogle claims that "[a]ll of the evidence Petitioner seeks to hold a hearing on here is new, credible evidence that was either suppressed or not available at trial." If Ms. Ogle has a credible claim that the State suppressed material exculpatory evidence, then she would be entitled to relief on that basis alone under *Brady v. Maryland*, 373 U.S. 83 (1963), but no *Brady* claim is pleaded. The fact that some or indeed all of the evidence was "not available at trial" is immaterial – there is no constitutional right to a new trial because a defendant has, post-trial, found evidence which could have been introduced at trial. If that were the law, no case would ever be final.

**Objection 3: Regarding Pinholster**

As an additional basis for denying the Motion for Evidentiary Hearing, the Magistrate Judge noted that in *Cullen v. Pinholster,* 563 U.S. 170 (2011), the Supreme Court held that a federal court's review of a state court decision under 28 U.S.C. § 2254(d)(1) is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing may not be considered. *Pinholster,* 563 U.S. at 182.

Petitioner objects that she "understands the constraints and limitations of the *Pinholster* decision [but] [t]he state cannot keep information from the Petitioner until after the trial, the appeal and the start of the habeas proceedings and then claim the protection of *Pinholster*.

*Williams* requires that the Petitioner be diligent." (Objections, ECF No. 54, PageID 3502.) The Court assumed Petitioner is referring to *Williams v. Taylor*, 529 U.S. 420 (2000), where the Supreme Court held that proof of diligence was a necessary precondition of an evidentiary hearing under 28 U.S.C. § 2254(e)(2). But while diligence is necessary, it is not sufficient. The Supreme Court has never recognized a diligence exception to *Pinholster* and indeed held in *Pinholster* that § 2254(e)(2) only remains relevant when a petitioner has met the requirements of § 2254(d)(1) and/or (2).

**Motion to Expand the Record**

**Objection Regarding the Testimony Being "Non-Eyewitness"**

      In the Decision and Order, the Magistrate Judge noted that none of the evidence proposed to be added by expanding the record was new eyewitness testimony. Ogle does not deny the accuracy of that observation, but claims that, among the items offered, are two transcripts of testimony and an affidavit of Deputy Woodgeard "that are impeachment evidence." (Objections, ECF No. 54, PageID 3503.) These are post-trial statements by Woodgeard about whether the power company trucks at the scene were moved; none are recantations or even modifications of his central trial testimony that Ogle kicked him.

      Having summarized other evidence that is inconsistent with some of the trial testimony about the details of the arrest, Ogle concludes "[a]ll of this evidence would impeach Woodgeard, the state's witness and provide access to the *Schlup* gateway." *Id.* at PageID 3504. On the

contrary, none of this evidence meets the *Schlup* threshold of new scientific or physical evidence or reliable new eyewitness testimony.

**Conclusion**

Because Petitioner has not tendered new evidence of the quality required by *Schlup, supra*, it is inappropriate to grant her an evidentiary hearing or expansion of the record to allow the evidence she has tendered. Her Objections to the Decision and Order should be OVERRULED.

April 14, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge