IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELANIE A. OGLE,

    Petitioner,

v.

GARY C. MOHR, DIRECTOR,
Ohio Department of Rehabilitation
and Correction,

    Respondent.

CASE NO. 2:15-CV-00776
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MICHAEL R. MERZ

### OPINION AND ORDER

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's *Motion for an Evidentiary Hearing* and *Motion to Expand Record.* (ECF Nos. 49, 50.) On March 17, 2016, the Magistrate Judge issued a *Decision and Order* denying Petitioner's motions. (ECF No. 53.) Petitioner filed an *Objection.* (ECF No. 54.) Pursuant to a *Recommittal Order* (ECF No. 56), on April 14, 2016, the Magistrate Judge issued a *Supplemental Opinion on Motions for Evidentiary Hearing and to Expand the Record,* recommending that Petitioner's *Objection* (ECF No. 54) be overruled. (ECF No. 57.) Petitioner again filed an *Objection.* (ECF No. 60.) Pursuant to a *Recommittal Order,* (ECF No. 62), on May 15, 2016, the Magistrate Judge issued a *Second Supplemental Opinion on Evidentiary Hearing and Expansion of the Record,* again recommending that Petitioner's *Objection* (ECF No. 60) be overruled. (ECF No. 63.)

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's objections (ECF Nos. 54, 60) are **OVERRULED**.

The Magistrate Judge's *Decision and Order* (ECF No. 53), *Supplemental Opinion on Motions for Evidentiary Hearing and to Expand the Record* (ECF No. 57), and *Second Supplemental Opinion on Evidentiary Hearing and Expansion of the Record* (ECF No. 63) are **ADOPTED** and **AFFIRMED**. Petitioner's *Motions for an Evidentiary Hearing* (ECF No. 49) and *to Expand the Record* (ECF No. 50) are **DENIED.**

This case involves Petitioner's conviction after a jury trial in the Hocking County Court of Common Pleas for assault on a police officer. The trial court imposed a sentence of six months incarceration, a fine and restitution. The Ohio Court of Appeals affirmed the judgment of the trial court.[1] *State v. Ogle*, Nos. 11CA29, 11CA32, 12CA12, 12CA11, 12CA2, 12CA19, 2013 WL 3988782 (Ohio App. 4th Dist. July 26, 2013). Petitioner did not timely appeal, and the Ohio Supreme Court denied her motion for a delayed appeal. *State v. Ogle*, 138 Ohio St.3d 1431 (Ohio 2014). The trial court also denied Petitioner's motion for a new trial. The Ohio Court of Appeals affirmed that decision. *State v. Ogle*, No. 13CA9, 2013 WL 4735049 (Ohio App. 4th Dist. Aug. 21, 2013). Petitioner did not file a timely appeal, and the Ohio Supreme Court denied her motion for a delayed appeal. *State v. Ogle*, 138 Ohio St.3d 1431 (Ohio 2014). Petitioner filed a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). The appellate court denied the application as untimely. (ECF No. 13, PageID# 676.) Petitioner did not file an appeal to the Ohio Supreme Court.

On March 4, 2015, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 24, 2016, she filed an *Amended Petition*. (ECF No. 21.) Petitioner asserts that she was denied counsel at sentencing (claim one); denied a fair trial due to

---

[1] Petitioner asserted that the evidence was constitutionally insufficient to sustain her convictions, that the trial court had erred in denying her motion for judgment of acquittal, and that her convictions were against the manifest weight of the evidence. *See State v. Ogle*, 2013 WL 3988782.

2

perjured testimony by Deputy Woodgeard (claim two); that the state courts unconstitutionally denied her motion for a new trial (claim three); the evidence was constitutionally insufficient to sustain her conviction (claim four); she was denied the effective assistance of appellate counsel (claim five); denied a fair trial based on improper, erroneous and ambiguous jury instructions (claim six); and denied a fair trial due to juror misconduct (claim seven). *See Traverse* (ECF No. 40.) It is the position of the Respondent that Petitioner's claims are procedurally defaulted or otherwise fail to provide a basis for relief.

Petitioner requests an evidentiary hearing in support of her claims of insufficiency of the evidence and the denial of the effective assistance of counsel. (ECF No. 49.) Petitioner proposes to submit testimony from various witnesses at such a hearing in support of her claim that she was wrongfully convicted on false or perjured testimony. Petitioner maintains that she is actually innocent, such that this Court may address the merits of any procedurally defaulted claims. She seeks to expand the record in support of this allegation. Without again detailing each of the items with which Petitioner seeks to expand the record, such material includes various documents provided in discovery in the state criminal trial,[2] transcripts and other documents related to or obtained in civil litigation, public records requests, and other miscellaneous items, such as the opinion of a proposed expert regarding the case, and recordings made of Charles Ogle. (ECF No. 50, PageID# 3452-54.) According to Petitioner, the foregoing material constitutes new evidence establishing that prosecution witnesses lied and she is innocent.

More specifically, Petitioner argues that such documents show that prosecution witnesses Jason Stacy and Deputy Woodgeard made inconsistent and contradictory statements in relation

---

[2] The trial transcript has already been made a part of the record before this Court. (ECF No. 13.)

3

to their trial testimony, thus establishing their lack of credibility and untruthfulness. She contends that the Court must review photographs submitted at trial to determine whether the evidence is constitutionally sufficient to sustain her conviction. She indicates that she has obtained documents indicating that Woodgeard did not have surgery on his genitals, where he claimed he had been kicked, refuting his trial testimony.[3] According to Petitioner, expansion of the record to include a stipulation in federal court that Charles Ogle had the right to drive away from Officer Woodgeard establishes her innocence. Petitioner submits that transcripts from a civil trespassing case show that officials engaged in a concerted effort to cover up improper actions by former deputy sergeant Kevin Groves, the investigating officer, "proving that Groves filed a false report and charges against her. . . that leads to much more than speculation of a collusion of the cover-up that includes Groves and the continued cover-up of others of the fabricated crimes against Petitioner[.]" (ECF No. 50, PageID# 3470.) Petitioner maintains that the expert opinion of Professor Gregory Gilbertson, bolsters her defense and argument that Woodgeard lied and she committed no crime. Petitioner contends that Groves' digital recording of Charles Ogle, which was available at the time of trial, constitutes new evidence of innocence. Petitioner also submits that other documents support her claim that Groves influenced Woodgeard and was willing to lie and act in a malicious and illegal manner. Petitioner further claims such material shows that the Sheriff and AEP violated Ohio law and thereby establishes a basis for her claim of collusion between officials and malicious prosecution. Petitioner argues

---

[3] Woodgeard testified that Petitioner kicked him in "the shins, lower groin," and "genitals." *Transcript* (ECF No. 13-2, PageID# 782.) About two weeks later, he was having issues in his genital region, admitted to the hospital for surgery, and was off work for about a month. (PageID# 789.) At sentencing, Woodgeard submitted a letter from Dr. Sawyer, indicating that he had surgery for an "abscess drainage" and had incurred $792.00 uncovered medical expenses. (ECF No. 13-3, PageID# 1021.) Petitioner seeks to introduce testimony of Dr. Sawyer and/or a copy of the letter to show that Woodgeard lied when he said he was kicked in the genitals. *See Motion to Expand Record* (ECF No. 50, PageID# 3475.)

4

that Woodgeard's prior criminal record and evidence of charges filed against Groves bolster her claim of collusion and perjury.

The Magistrate Judge denied Petitioner's request for an evidentiary hearing and to expand the record, concluding that an evidentiary hearing is not required to resolve Petitioner's claims, and that the documents with which she seeks to expand the record do not meet the threshold for establishing a claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The Magistrate Judge further noted that *Cullen v. Pinholster* 563 U.S. 170 (2011), prohibits this Court's consideration of evidence not presented to the state courts in adjudicating Petitioner's claims.

Petitioner objects to the Magistrate Judge's *Decision and Order*. Petitioner argues that the prosecutor presented false testimony and withheld material exculpatory evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1973), and she therefore should be permitted to expand the record with new evidence in support of her claim of actual innocence. She argues that the material with which she seeks to expand the record satisfies *Schlup*. She objects to the Magistrate Judge's conclusion to the contrary. Petitioner maintains that she has preserved her underlying claims of ineffective assistance of appellate counsel as independent claims for review. Petitioner objects to the denial of her each of her requests to expand the record with additional items. Petitioner argues that this Court may consider evidence relating to the credibility of prosecution witnesses in assessing a claim of actual innocence. She objects to the denial of her motion for an evidentiary hearing on claims that were not adjudicated in the state courts as barred by under *Pinholster*. She argues that *Pinholster* does not prohibit expansion of the record to include new evidence in support of a claim of actual innocence where she has acted diligently. Petitioner argues that the denial of her motion for an evidentiary hearing should be

5

without prejudice subject to renewal after the Court makes a determination regarding application of 28 U.S.C. § 2254(d) (1), (2). Petitioner objects to the Magistrate Judge's characterization of certain portions of her motion to expand the record. She acknowledges that Woodgeard has not recanted his trial testimony, but contends that the documents with which she seeks to expand the record will establish that he has modified every aspect of what he swore happened during trial. Petitioner argues at length that she should be permitted to expand the record with all of the documents requested in order to establish her actual innocence. She renews and restates each of her arguments in support of her motion for an evidentiary hearing and to expand the record, and all of her objections. Petitioner argues at length that the evidence against her constituted fabrication and perjury. She maintains that she has rebutted the presumption of correctness accorded to the factual findings of the state appellate court. *See* 28 U.S.C. § 2254(e).

The sole issue now before the Court is whether to grant Petitioner's request for an evidentiary hearing and motion to expand record in support of her claims of insufficiency of the evidence and the denial of the effective assistance of counsel. In this respect, the Court notes that the state courts adjudicated Petitioner's claim of insufficiency of the evidence on the merits. Respondent does not raise the affirmative defense of procedural default as to this claim, but takes the position that the claim lacks merit. *See Return of Writ* (ECF No. 14, PageID# 1076); *Second Return of Writ* (ECF No. 30, PageID# 3061.) Therefore, in determining whether relief is warranted, this Court considers whether the state appellate court unreasonably applied or contravened federal law, as determined by the United States Supreme Court, or issued a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1), (2). In making this determination, this Court's review is limited to the record that was before the state court. *See Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012)

(citing *Pinholster*, 563 U.S. at 180-181). Further, none of the evidence Petitioner seeks to introduce in support of her claim of insufficiency of the evidence will assist her in obtaining relief on this claim, in any event.

This Court does not assess the credibility of prosecution witnesses in reviewing a claim of insufficiency of the evidence. The standard for review of such a claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F.3d 854, 885 (6th Cir. 2000) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

> A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court. *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983). In reviewing a sufficiency of evidence question, a court "resolves all conflicts in the testimony in favor of the government and draws every reasonable inference in its favor." *United States v. Doe*, 226 F.3d 672, 680 (6th Cir. 2000).

*Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. Feb. 28, 2002). "An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims." *Id.* (citing *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000)). It is not the province of this Court to re-try Petitioner's state criminal trial. *See Milton v. Wainwright*, 407 U.S. 371, 377 (1972) ("The writ of habeas corpus has limited scope; the federal courts do not sit to re-try state cases *de novo* but, rather, to review for violation of federal constitutional standards.") Petitioner's request for an evidentiary hearing and to expand the record in support of her claim of insufficiency of the evidence therefore is **DENIED**.

7

Petitioner also seeks an evidentiary hearing and to expand the record in support of her clam of the denial of the effective assistance of counsel.[4] It is the position of the Respondent that Petitioner has procedurally defaulted this claim. As discussed, Petitioner asserts that her actual innocence nonetheless justifies a merits review, and requests an evidentiary hearing and expansion of the record in support of her claim of actual innocence.

The state appellate court's decision denying Petitioner's motion for a new trial, which she supported with some of the same evidence she now seeks to introduce in support of her claim of actual innocence here, is of some assistance to consideration of the issue now at hand. The state appellate court indicated in relevant part as follows:

> Appellant's criminal trial took place in August 2011. Deputy Trent Woodgeard of the Hocking County Sheriff's Department testified Appellant kicked him in the groin area during a scuffle on Appellant's property. Woodgeard testified the kick took place when Appellant and he were standing between a black SUV and the Ogles' pickup truck.
>
> During trial, the State also offered a recorded statement of Appellant's husband, Charles Ogle, taken by Sgt. Kevin Groves of the Hocking County Sheriff's Department shortly after the assault occurred. The trial court ruled against the State's request to use the statement. However, after Charles Ogle testified on behalf of the defense and made contradictory statements, the trial court allowed the recording to be played for impeachment purposes. Charles Ogle further acknowledged "the audio was correct as a whole."
>
> Since Appellant's felony conviction, she has filed a separate civil proceeding in federal court styled *Charles R. Ogle, et al., v. Hocking County, et al.,* Case No. 10CV00806, United States District Court, S.D.E.D. For the federal court case, Deputy Woodgeard testified in deposition on December 12, 2012. In his

---

[4] Petitioner asserts that she was denied the effective assistance of counsel because her attorney failed to raise on appeal a claim regarding a Sixth Amendment violation at sentencing, and a claim of ineffective assistance of trial counsel based on her attorney's failure to subpoena Jerry Williams; object to jury instructions, prosecutorial misconduct, and inadmissible evidence; and trial counsel's failure to strike two jurors who derived income from AEP. *See Traverse* (ECF No. 40, PageID# 3144.)

8

deposition testimony, he testified to the events occurring before, during, and after Appellant kicked him. Specifically Woodgeard testified Appellant kicked him while both parties were on the driver's side of the SUV.

Appellant's current appeal stems from the denial of a January 28, 2013 Crim.R. 33(B) motion for leave. Appellant' motion for leave argued she was unavoidably prevented from discovering new evidence that Deputy Woodgeard and Sergeant Groves perjured themselves at her criminal trial. Appellant contends Woodgeard's trial testimony about the location of where he was kicked differed from the location he testified to in his 2012 deposition. Appellant argues this differing testimony was newly discovered information not disclosed to her prior to her August 2011 trial. Appellant attached a copy of Woodgeard's deposition testimony to her motion for leave.

Appellant also contends Sgt. Kevin Groves committed perjury in her criminal trial. She attached personnel records of Sgt. Groves to her motion. The records indicate Groves was disciplined by the Hocking County Sheriff on September 24, 2012, pursuant to an internal investigation. Appellant argues Groves' misconduct and lying in two separate cases in 2012 (not related to hers) is also newly discovered information which was unavailable to her at the time of her trial.

*State v. Ogle*, 2013 WL 4735049, at *1-2. [5]

---

[5] The state appellate court rejected Petitioner's argument that she had provided new material evidence justifying a new trial:

> Appellant's "new evidence" is not material to the issue deliberated by the jury, whether or not Appellant committed an assault on a peace officer. The jury heard testimony from both Appellant and Officer Woodgeard. The case can be characterized as of the "he said/she said" variety, and the only other person actually witnessing the events which took place was Appellant's husband. Appellant essentially testified Woodgeard slammed her to the ground and pepper-sprayed her for no reason, and she kicked out in a "reflexive" manner to protect herself. Woodgeard essentially testified that after he told Appellant she was under arrest, she refused to be handcuffed and kicked him in the groin. The exact location where the parties stood while these events transpired was not an issue material to the proceedings.

9

In federal habeas proceedings, in order to satisfy the *Schlup* actual innocence "gateway" exception to procedural default, a petitioner must present "new reliable evidence—whether it be

*** 

> In this case, the differing deposition testimony of Deputy Woodgeard in the 2012 federal case is not newly discovered evidence of a relevant, material nature. Similarly, we do not find the personnel information regarding former Deputy Kevin Groves' subsequent misconduct and resignation to be newly discovered evidence. The substance of Groves' testimony at trial was that he was working back-up when Woodgeard radioed for assistance. He arrived at the scene and found Woodgeard in distress. Groves ordered that photographs be taken and he took Mr. Ogle's recorded statement.
>
> Appellant's felony conviction for assault on a peace officer followed events which took place in 2009. Woodgeard's federal court deposition and Groves' misconduct (concerning events unrelated to Appellant) occurred in 2012. We construe Appellant's argument as one suggesting Groves' misconduct in 2012 reflects a propensity for and character of misconduct as relates to his participation in investigating the 2009 assault and in testifying at the 2011 trial. We note Groves was not the accused on trial. His testimony was heard by the jury and it was for the jurors to decide whether or not they found him to be a credible witness.
>
> Moreover, the tape-recorded statement of Charles Ogle was allowed in, for impeachment purposes, after Ogle testified in a manner contradicting his statements on the recording. Appellant's witness opened the door and allowed the recording to be introduced. After that, Charles Ogle admitted the recording was "true as a whole." Deputy Groves' subsequent misconduct and resignation are not material and relevant to the issue of Appellant's guilt.
>
> We do not find Appellant's arguments regarding newly discovered evidence herein to be persuasive. Further, we find Woodgeard's 2012 deposition testimony and Groves' misconduct do not consitute newly discovered evidence of a material nature to the defense. As such, we find the trial court did not abuse its discretion in denying Appellant's motion for leave.

*Id.* at *5-6.

10

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.  To establish actual innocence, a habeas petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. "There is a circuit split about whether the "new" evidence required under *Schlup* includes only newly discovered evidence that was not available at the time of trial, or broadly encompasses all evidence that was not presented to the fact-finder during trial, *i.e.*, newly presented evidence." *Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012) (noting that *Souter* suggests that the Sixth Circuit considers "newly presented" evidence sufficient) (citing *Connolly v. Howes*, 304 F. App'x 412, 419 (6th Cir.2008) (Sutton, J., concurring); *Souter v. Jones*, 395 F.3d 477, 596 n.9 (6th Cir. 2005).  However, "a petitioner cannot establish his [or her] actual innocence merely be rehashing his [or her] innocence claims raised in the state courts and relying on the evidence adduced at trial.  If he could, federal habeas review would become nothing more than a second trial on the merits, something the Supreme Court has repeatedly admonished the federal courts to avoid." *Strayhorn v. Baker*, 718 F. Supp. 2d 846, 873 (E.D. Mich. 2010) (citing *Milton v. Wainwright*, 407 U.S. at 377).  "Examples of evidence which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. 298, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350–51 (8th Cir. 1996).

Because a *Schlup* claim involves evidence the trial jury did not have before it, "the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record. . . . If new evidence so requires, this may include consideration of 'the credibility of the witnesses presented at trial.'" *House v. Bell*, 547 U.S. 518, 538-39 (2006)

11

(citations omitted). A petitioner need not always affirmatively show physical evidence that he or she did not commit the crime with which she was charged. *Gandarela v. Johnson,* 286 F.3d 1080, 1086 (9th Cir. 2001) (citing *Schlup*, 513 U.S. at 330; *Carriger v. Stewart*, 132 F.3d 463, 481 (9th Cir.1997) (*en banc*)). "Rather, a petitioner may pass through the *Schlup* gateway by promulgating evidence that significantly undermines or impeaches the credibility of witnesses presented at trial, if all the evidence, including new evidence, makes it 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* (concluding that impeachment evidence offered by the petitioner in support of a claim of actual innocence did not meet this standard) (citing *Schlup,* 513 U.S. at 327). The mere existence of impeaching evidence in support of a claim of actual innocence does not warrant a new trial. *Dell v. Straub*, 194 F. Supp. 2d at 657 (citing *Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 606 (E.D. Mich. 2001)). Further, the United States Court of Appeals for the Sixth Circuit has held that a petitioner's renewed attacks on credibility of trial witness do not provide proof of actual innocence. *See In re Byrd*, 269 F.3d 561, 577 (6th Cir. 2001) (citing *Clark v. Lewis*, 1 F.3d 814, 824 (9th Cir.1993) (allegation that prosecution witness could have been impeached by allegedly withheld evidence did not constitute a credible claim of "actual innocence" sufficient to show that the petitioner was actually innocent of the murder). "The Supreme Court has noted that such 'latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness'] account of petitioner's actions.'" *Clark v. Lewis,* 1 F.3d at 824 (citing *Sawyer*, 505 U.S. at 349; *Herrera v. Collins*, 506 U.S. 390, 417-18 (1998)). "[I]mpeachment evidence provides [little] basis for finding a miscarriage of justice." *United States v. Zuno-Arce*, 25 F. Supp. 2d 1087, 1110 (C.D. Cal. 1998) (quoting *Calderon v. Thompson*, 523 U.S. 538, 563

(1998)). "This follows because 'the evidence is a step removed from evidence pertaining to the crime itself.'" *Id*. (citing *Thompson*, at 563).

Here, this Court agrees that the material with which Petitioner now seeks to expand the record to include in support of her claim of actual innocence, or to introduce through an evidentiary hearing, does not rise to the level of that contemplated by *Schlup*. "To satisfy the *Schlup* standard, a claim of actual innocence must be both 'credible' and 'compelling.'" *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012) (citations omitted).

> For the claim to be "credible," it must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851; *see also House*, 547 U.S. at 537, 126 S.Ct. 2064. For the claim to be "compelling," the petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House*, 547 U.S. at 538, 126 S.Ct. 2064.

*Id*. Such are not the circumstances here.

"Instead, what 'new' evidence there is—and some of it is not even new—is both unscientific in kind and non-critical in scope: it goes, at best. . . [to] the general credibility of those who testified at trial[.]" *Olivares v. Ercole*, 975 F. Supp. 2d 345, 353 (S.D.N.Y. 2013) (concluding that evidence, including results of a polygraph examination, affidavits, transcripts, photocopies of the alleged victim's diary, photographs of Petitioner, the alleged victim at a holiday dinner, plus a hand-drawn diagram of their apartment, were a "far cry" from the type of from the type of evidence demanded under *Schlup*, and collateral to the issue of the petitioner's guilt). Petitioner instead seeks to offer evidence – much of which was available or could have been obtained at trial or is collateral to the issue of her guilt of the offense charged --

demonstrating that prosecution witnesses made inconsistent statements at trial, or new information of similar substance obtained from subsequent litigation, evidence of criminal charges or misconduct of prosecution witnesses unrelated to the criminal case, and the proposed testimony of an expert witness offered to undermine the credibility of evidence submitted at trial. Her allegation that the prosecution withheld such critical evidence establishing her innocence is without record support.[6] Further, and contrary to Petitioner's argument here, none of the evidence she refers to supports her allegations of collusion and perjury.[7]

For all of these reasons, and for the reasons already detailed by the Magistrate Judge, Petitioner's objections (ECF Nos. 54, 60), are **OVERRULED**. The Magistrate Judge's *Decision and Order* (ECF No. 53), *Supplemental Opinion on Motions for Evidentiary Hearing and to Expand the Record* (ECF No. 57), and *Second Supplemental Opinion on Evidentiary Hearing and Expansion of the Record* (ECF No. 63) are **ADOPTED** and **AFFIRMED**. Petitioner's *Motions for an Evidentiary Hearing* (ECF No. 49) and *to Expand the Record* (ECF No. 50) are **DENIED**.

**IT IS SO ORDERED.**

                                                                                      7-6-2016
                                              EDMUND A. SARGUS, JR.
                                              Chief United States District Judge

---

[6] Petitioner alleges that the Hocking County Sheriff's Office purposefully destroyed audio evidence of communications between deputies and dispatchers regarding the incident at issue, as well as a video recording made from Officer Woodgeard's vehicle. *Motion for Evidentiary Hearing* (ECF No. 3444.)

[7] The state appellate court appears to have found that the new evidence Petitioner submitted in support of her motion for a new trial was not credible. *State v. Ogle*, 2013 WL 4735049, at *5. To the extent that Petitioner submits this same evidence in support of her claim of actual innocence, this factual finding is entitled to a presumption of correctness. *See In re Byrd*, 269 F.3d at 559 (denying evidentiary hearing where the state courts had already rejected the petitioner's new evidence of actual innocence, finding that it lacked credibility) (citing *Patton v. Yount*, 467 U.S. 1025, 1038 (1984); *Ellis v. Collins*, 956 F.2d 76, 79 (5th Cir. 1992)).