**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

MELANIE A. OGLE,

|                          |   |                                |
|--------------------------|---|--------------------------------|
| Petitioner,              | : | Case No. 2:15-cv-776           |
| - vs -                   |   | Chief Judge Edmund A. Sargus, Jr. |
|                          |   | Magistrate Judge Michael R. Merz |
| GARY C. MOHR, DIRECTOR,  |   |                                |
| Ohio Department of Rehabilitation |   |                       |
| And Correction,          |   |                                |
|                          | : |                                |
| Respondent.              |   |                                |

## DECISION AND ORDER DENYING MOTION TO HOLD IN ABEYANCE

This habeas corpus action is before the Court on Petitioner's Motion to Hold Habeas Petition in Abeyance (ECF No. 76) which Respondent opposes (ECF No. 77).

Ms. Ogle requests the stay so that she can present to "the state court . . . new evidence discovered by way of state witnesses' testimony in *Ogles v. Woodgeard*, (*fka North, et al.*), USDC, SD Ohio, Case No. 2:10-cv-806 during the January 28 through 30, 2015 civil rights trial . . ." (ECF No. 76, PageID 3656). She asserts this is "new evidence to support post-conviction relief . . . despite this Court's decision that the same evidence is not applicable under *Schlup v. Delo*, 513 U.S. 298, 327 (1995)." *Id.* She also asserts (without any corroborating evidence) that "[t]he Ohio Attorney General is currently investigating crimes of former deputy Kevin T. Groves against Petitioner on or about November 26, 2009," which are somehow thought to be relevant because he was the "sole investigating officer" regarding her assault on Woodgeard.

Ms. Ogle reminds the Court that in her Amended Petition (ECF No. 21, filed July 24, 2015), she asserted she had exhausted her state court remedies and that she could present satisfactory evidence of actual innocence to pass through the *Schlup* "gateway" as to any procedurally defaulted claims, but "in the alternative, a stay and abeyance would be procedurally correct." *Id.* at 2791-92. That pleading, of course, was filed over a year ago. In the meantime on March 17, 2016, the Court denied Ms. Ogle's Motions for an Evidentiary Hearing and to Expand the Record which sought to present evidence relevant to the *Schlup* issue, including testimony on cross-examination of former Deputy Sergeant Kevin Groves. The Court held that

> None of this evidence is of the sort required by the *Schlup* standard. None of it is scientific evidence or critical physical evidence. The only people who were eyewitnesses to the physical contact between Deputy Woodgeard and Ms. Ogle are the two of them and Ms. Ogle's spouse. Indeed, all of the witnesses seem to be offered to undermine the credibility of the State's case and particularly of Deputy Woodgeard, that is to say, impeaching evidence.

(Decision and Order, ECF No. 53, PageID 3493-94.) That Decision was supplemented twice and then Chief Judge Sargus overruled Petitioner's Objections (Opinion and Order, ECF No. 64).

District courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. However, in recognizing that authority, the Supreme Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be

> denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  "Staying  a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Id*.

In opposing the Motion, Respondent makes clear he is not asserting any lack of exhaustion defense in this case (ECF No. 77, PageID 3659).  Conversely, Ms. Ogle has not suggested what additional state court remedies she believes she has available; she certainly has not tendered with her Motion a copy of any state court proceeding already filed or a draft of any pleading that she might file.  If there were some state court vehicle for presenting any evidence uncovered during her 2015 federal civil rights trial, a state court might well find her almost two-year delay in presenting that evidence was dilatory.

Nor does Ms. Ogle state what claim or claims it is she wishes to exhaust.  As Respondent notes, actual innocence is not a stand-alone constitutional claim. *Cress v. Palmer*, 484 F.3d 844 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478 (6th Cir. 2003), and *Herrera v. Collins*, 506 U.S. 390 (1993).  The *Schlup* "gateway" claim is for habeas court determination in response to a procedural default defense, not a matter of which the state courts have original cognizance.

Ms. Ogle's speculation that the Attorney General's investigation of Deputy Sergeant Groves will uncover some additional impeaching evidence regarding him is just that – speculation.

3

4

Because Petitioner has not shown any merit to any hypothetical unexhausted claim or any state court forum in which that claim might be heard, the Motion to Hold in Abeyance is DENIED.

September 6, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge