IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELANIE A. OGLE,**

    Petitioner,

v.

**GARY C. MOHR, DIRECTOR,**
**Ohio Department of Rehabilitation**
**And Correction,**

    Respondent.

CASE NO. 2:15-CV-776
CHIEF JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE MICHAEL R. MERZ

## OPINION AND ORDER

On March 10, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed, that Petitioner be denied a certificate of appealability, and that the Court certify to the United States Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous and therefore Petitioner should not be permitted to proceed *in forma pauperis* on appeal. (Doc. 89.) Petitioner filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 91.) Pursuant to this Court's *Recommittal Order* (Doc. 96), on May 1, 2017, the Magistrate Judge issued a *Supplemental Report and Recommendation* on Petitioner's *Objection*. (Doc. 99.) Petitioner has filed an *Objection* to the *Supplemental Report and Recommendation*. (Doc. 100.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. (Doc. 100.) For the reasons that follow, Petitioner's *Objection(s)* (Docs. 91, 100) are **OVERRULED**.

Petitioner challenges her underlying conviction after a jury trial in the Hocking County Court of Common Pleas on one count of assault on a peace officer. Petitioner asserts that she

was denied the right to counsel at sentencing (claim one); that the prosecutor knowingly presented false testimony (claim two); that she was denied due process because the state courts refused to grant her motions for a new trial (claim three); that the evidence was constitutionally insufficient to sustain her convictions (claim four); that she was denied the right to effective assistance of counsel (claim five); that she was denied a fair trial due to improper jury instructions (claim six); that the state appellate court unconstitutionally considered a new theory (claim seven); and that she was denied a fair trial due to juror misconduct (claim eight). The Magistrate Judge recommended dismissal of Petitioner's claims as procedurally defaulted or without merit. Petitioner objects, at length, to all of the Magistrate Judge's recommendations.

The Magistrate Judge has issued a *Supplemental Report and Recommendation* addressing Petitioner's initial *Objection* to the *Report and Recommendation* in some detail. Petitioner objects to the *Supplemental Report and Recommendation*. She again raises all of the same arguments she previously presented. She objects to the factual findings of the state appellate court. She maintains that conflicting testimony shows that prosecution witnesses lied. She complains that the state appellate court ignored such evidence. She specifically objects, *inter alia*, to the Court's failure to take judicial notice of pleadings contained in the case of *Charles Ogle, et al., v. Lanny North, et al.*, Case No. 2:10-cv-806 (S.D. Ohio April 3, 2015), an action she filed under 42 U.S.C. § 1983, to establish that Charles Ogle had the right to drive away from Woodgeard and in support of her claim of actual innocence.

The factual findings of the state appellate court are presumed to be correct. It is the Petitioner's burden to rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e). For the reasons discussed by the Magistrate Judge, Petitioner has not done

so here. Further, this Court has already addressed Petitioner's request for expansion of the record, and will not now again do so here. *See Opinion and Order* (Doc. 64.)

Petitioner objects to the Magistrate Judge's recommendation of dismissal of claim one as procedurally defaulted and without merit. Petitioner argues that she did not need to raise the claim on direct appeal. She indicates that she has raised the claim in currently pending state court proceedings, and again argues that a stay of proceedings is warranted so that she may exhaust state court remedies. She renews her request for a stay. Petitioner objects to what she contends amount to inaccurate quotations from the record. She maintains that she properly invoked her right to counsel, and did not act so as to forfeit that right at sentencing. She again argues that the trial court improperly refused to conduct a hearing on the issue.

Petitioner's arguments are not well taken. For the reasons discussed in the *Report and Recommendation*, claim one is procedurally defaulted. Petitioner has failed to establish cause and prejudice for her procedural default in failing to raise her claim on direct appeal. The record fails to reflect either that the claim remains unexhausted or that a stay is warranted under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)(in order to obtain a stay, the petitioner must demonstrate good cause for failing to exhaust state remedies and that her claim is potentially meritorious). Moreover, upon review of the record, this Court agrees that Petitioner's claim of the denial of the right to counsel at sentencing fails to provide her a basis for relief.

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of claim two, in which she asserts that she was fair trial based on prosecutorial misconduct due to the prosecutor's failure to disclose a September 27, 2010 letter from Dr. Margaret Sawyer, and the alleged knowing presentation of false testimony by Trent Woodgeard and Jason Stacy. Petitioner renews her prior objections as to the Magistrate Judge's recommendation of dismissal

3

of claims three and five through seven. She requests an extension of time in order to obtain exhibits and testimony in support of claim four, in which she asserts that the evidence was constitutionally insufficient to sustain her conviction. Petitioner again disputes the factual findings of the state appellate court in this regard and argues that the State failed to establish that she acted "knowingly."

Again, upon review of the record, Petitioner's arguments are not well taken. Petitioner's request for an extension of time to present additional arguments or purported exhibits in support of her claim of insufficiency of the evidence is **DENIED.** Petitioner has had ample time and opportunity to address all of her claims. Moreover, as previously discussed, this Court's review is limited to the record that the state court considered when it rendered its adjudication of Petitioner's claim. *See Griffin v. Noble Correctional Institution*, No. 2:14-cv-00857, 2017 WL 427358, at \*2 (S.D. Ohio Feb. 1, 2017)(citing *Cullen v. Pinholster*, 536 U.S. 170, 180-81 (2011)(other citations omitted)). The record simply does not indicate that Petitioner can establish that the state appellate court violated § 2254(d) in determining that, when viewing all of the facts in the light most favorable to the prosecution, as required under *Jackson v. Virginia*, 443 U.S. 307 (1979), that the evidence was constitutionally sufficient to sustain her conviction. For the reasons that have already been well detailed by the Magistrate Judge, Petitioner's claims are procedurally defaulted or without merit. Therefore, Petitioner's remaining objections likewise are **OVERRULED.**

The *Report and Recommendation* (Doc. 89) and *Supplemental Report and Recommendation* (Doc. 99) are **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.** The Court certifies that any appeal would be objectively frivolous and that Petitioner therefore should not be permitted to proceed *in forma pauperis* on appeal.

4

**IT IS SO ORDERED.**

                                                */s/ Edmund A. Sargus, Jr.*     05-31-17
                                                EDMUND A. SARGUS, JR.
                                                Chief United States District Judge